McCLANDISH et v MAUMEE (Village) et

Ohio Appeals, 6th Dist, Lucas Co

No 2237. Decided July 8, 1929

Fritsche, Kruse & Winchester, Toledo, for McClandish, et.

Otto E. Hankinson and Paul W. Alexander, both of Toledo, for village.

RICHARDS, J.

There is serious conflict in the evidence as to whether the shop was moved before the zoning ordinance became effective, but we do not regard a determination of that question as material. After the stand was removed back of the sidewalk, it was enlarged and it is now about 19 x 20 feet in dimension, and 7½ feet high, and the addition was clearly constructed after the zoning law became effective. The then owner of the property applied for permission to make the alteration and additions and a permit therefor was issued to him on May 8, 1926, but this permit was revoked on May 17, 1926. The construction of the addition was plainly in violation of the zoning ordinance, and the permit to build the addition gave no vested right to the owner.

Section 16 of the zoning ordinance prohibits the occupancy of a building which has been structurally altered until a certificate of occupancy shall have been issued by the Commissioner of Inspection, and no such certificate was ever issued. The plaintiffs purchased this property without any knowledge of these facts, but manifestly they would hold it subject to the right of the municipality to enforce the zoning ordinance. Our attention has been called to nothing which would render the zoning ordinance unconstitutional or void, and, in fact, plaintiffs concede the validity of the ordinance, and this distinguishes the case from **Youngstown vs. Kahn Building Co., 112 Ohio St., 654.** The street in front of the premises is only 24 to 26 feet in width and has a very heavy automobile traffic. The location having been properly classified as residence property, and the addition and enlargement having been made after the zoning ordinance became effective, the owners are not entitled to conduct the business there which they seek to do.

It is further urged by the defendants that the action is in reality brought to enjoin the enforcement of the criminal provisions of the ordinance and that therefore injunction will not lie. Section 19 provides a penalty for the violation of the zoning ordinance and it is quite true that injunction will not lie to prevent merely the enforcement of a criminal statute or the penalties provided by an ordinance. 32 C. J., 279, et seq. The same principle is announced in 14 R. C. L., 367. **Judson v| Zurhorst, 10 C. C., N. S., 289.** The plaintiffs, however, contend that the defendants are threatening to interfere with the conduct of their business on this real estate and that this constitutes ground for issuing an injunction. The court, having found that the business is being conducted in violation of the zoning ordinance, it becomes unimportant to determine these matters, as in any event the plaintiffs are not entitled to an injunction. Judgment and decree for defendants.

Williams and Lloyd, JJ, concur.